# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| EDWIN GALE WILLIAMS | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-628 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**.

## HISTORY OF THE CASE

Plaintiff protectively filed applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income disability benefits under Title II and Title XVI of the Social Security Act on January 15, 2008. Plaintiff's application was denied initially and on reconsideration, and by an Administrative Law Judge (ALJ) on September 1, 2009. At the hearing, Plaintiff and the ALJ's vocational expert, Melissa Brassfield, testified.

While Plaintiff's claims were pending at the Appeals Council, he filed subsequent claims for disability insurance benefits and supplemental security income on September 30, 2009. Those claims were approved at the initial level with an established onset date of August 28, 2009, the day after the prior ALJ decision. However, on December 30, 2010, the Appeals Council reopened and

1

consolidated the favorable determinations on the subsequent claims and remanded for further proceedings. A supplemental hearing was then held, and a second ALJ decision was issued on January 5, 2012, finding Plaintiff not disabled.

On December 21, 2012, the Appeals Council again remanded the case for further proceedings. In that remand order, the ALJ was instructed to: (1) attempt to obtain updated treatment records; (2) if necessary, obtain additional evidence concerning Plaintiff's mental impairments in order to complete the administrative record in accordance with the regulatory standard regarding consultative examinations and existing medical evidence; (3) further evaluate Plaintiff's mental impairments in accordance with the special technique, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas; (4) give further consideration to Plaintiff's maximum RFC during the entire period at issues and provide rationale with specific references to evidence of record in support of assessed limitations; and (5) if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

On August 8, 2013, a video hearing was held before a new ALJ, Doug Gabbard, II. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Christy V. Wilson, testified. On January 10, 2014, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on August 6, 2014. Therefore, the January 10, 2014 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

2. The claimant has not engaged in substantial gainful activity since July 23, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, affective mood disorder, and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light unskilled work (work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time) where supervision is simple, direct, and concrete; interpersonal contact with supervisors and coworkers is incidental to the work performed, e.g. assembly work, but he must have no contact with the general public; he can lift and/or carry 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit six hours of an eight-hour workday but is limited to no climbing of ladders/ropes/scaffolds; occasional climbing of ramps/stairs; and occasional balancing, stooping, kneeling, crouching, and crawling.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 5, 1964 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 23, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T.R. 16-26).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to

substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of her disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing her past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to her past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with her medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff sets forth two points of error. First, Plaintiff argues that the ALJ erred at step three by finding that Plaintiff's intellectual disability does not meet or equal the requirements of Listing 12.05C. Second, Plaintiff argues that the ALJ erred at step five by relying upon the vocational expert's testimony to find that Plaintiff retains the ability to perform other work existing in significant numbers in the national economy.

In the first point of error, Plaintiff takes issue with the ALJ's finding that he did not have documented mental retardation before age 22. For a person to meet the listing in 12.05C, the claimant must have a documented onset of a mental impairment before the age of 22. Plaintiff argues that, based upon Dr. Mount's examination, he suffers from significant subaverage intellectual

functioning.

The ALJ gave his reasons for discrediting Dr. Mount's testimony. As a general rule, the ALJ must give significant deference to a treating source or at least explain the reasons for not doing so. *See Newton v. Apfel*, 209 F.3d 448,453 (5th Cir. 2000) However, the regulations provide that more weight is given to a physician who has examined a plaintiff a number of times. 20 CFR § 404.1527(c)(2)(I).

Dr. Mount was a one-time examiner, as the ALJ notes, selected by Plaintiff's counsel. The ALJ also notes that Dr. Felkins in a consultative report noted that Plaintiff did not meet Listing 12.05. Under *Randall v. Astrue*, 570 F.3d 651, 659-61 (5th Cir. 2009), a claimant must show under Section 12.05 of the Listings that he has (1) significant subaverage intellectual functioning, (2) deficits in adaptive behavior, (3) which began before age 22. The burden is on Plaintiff to show he meets the listing. *See Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991). A diagnosis of mild mental retardation does not meet the definition of significant sub-average intellectual functioning. *See Doddy v. Comm'r, Soc. Sec. Admin.*, 2014 WL 1268567, at *5 (E.D. Tex. 2014).

Further, more than one physician stated that Plaintiff did not have deficits in adaptive functioning as noted by the ALJ. Tr. 24. No school records produced by Plaintiff demonstrate an IQ below 60. His records indicate he received A's in Math Education. *See* Tr. 465. Although he was in Special Education, he was still able to go through the 12th grade. Various medical records indicate that medical procedures were explained to him and that he expressed informed consent. Tr. 577. It is noted that he has good concentration and memory. Tr. 543. As noted, there was sufficient evidence reviewed by the ALJ which supported the ALJ's and State Examiner's conclusion that

Plaintiff did not meet the 12.05 Listing. Tr. 658. Plaintiff's first point of error is overruled.

As to the second point of error, the ALJ found that Plaintiff had the ability to perform light unskilled work with the restrictions he noted in his assessment. His hypothetical and RFC also considered that Plaintiff is illiterate, as argued by Plaintiff's counsel.

In making an RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, and must consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96–7p, 1996 WL 374186, at *1 (S.S.A. July 2, 1996); SSR 96–8p at *5. The ALJ is permitted to draw reasonable inferences from the evidence in making his decision, but the Social Security rulings also caution that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.,* SSR 86–8, 1986 WL 68636, at *8 (S.S.A.1986), superseded by SSR 91–7c, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent the SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Muse v. Sullivan,* 925 F.2d 785, 790 (5th Cir. 1991).

The ALJ properly discussed the evidence in the record in making his RFC determination, explained the reasoning for his RFC determination, and exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse v. Sullivan,* 925 F.2d 785, 790 (5th Cir.1991). The Court notes that the ALJ devoted eight and one half pages to his RFC analysis. He discussed at length Plaintiff's

limited abilities, but in the end analysis found that the medical evidence simply did not support all the limitations Plaintiff claimed.

He also asked the VE several hypothetical questions regarding Plaintiff's ability to perform other jobs in the national economy, recognizing that the Plaintiff was functionally illiterate. The VE identified several jobs as noted by the ALJ. Plaintiff contends that the DOT indicates that the jobs identified by the VE require mental activities beyond those allowed by Plaintiff's literacy abilities.

One of the jobs identified is that of a bakery worker. Plaintiff contends that his illiteracy prevents him from performing the job based on the DOT requirements. The specific DOT Code provides as follows:

> Performs any combination of following tasks in preparation of cakes along conveyor line: Reads production schedule *or receives* instructions regarding bakery products that require filling and icing. Inspects cakes moving along conveyor to detect defects and removes defective cakes from conveyor to reject bins. Positions cakes on conveyor for application of filling or icing by machine, observes filling or icing application to ensure uniform coverage, and places additional cake layers on coated layers, depending on number of cake layers in product. Observes cakes moving under automatic topping shaker and cake cutting machine to ensure uniform topping application and cutting. Smooths iced edges of cake, using spatula, and moves decorating tool over top of designated cakes to apply specified appearance. Notifies supervisor of malfunctions.

DOT 524.687-022, *Bakery Worker, Conveyor Line* **(emphasis added)**.

Assuming argenudo that there was a possible conflict between the VE's testimony and the DOT description, the ALJ may rely on the VE's testimony even if there is a conflict. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). The Court finds no error, and Plaintiff's second point of error is overruled.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED**.

**SO ORDERED.**

    **SIGNED this 25th day of August, 2016.**

                                                              _____
                                                              DON D. BUSH
                                                              UNITED STATES MAGISTRATE JUDGE